**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD GARY HALL,

      Plaintiff - Appellant,

  v.

D. LEVORSE; et al.,

      Defendants - Appellees.

No. 10-17074

D.C. No. 5:07-cv-03233-RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

    California state prisoner Richard Gary Hall appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth and

Fourteenth Amendment violations in connection with his housing assignment.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Lacey v. Maricopa*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc), and we affirm.

The district court properly dismissed Hall's action as time-barred because Hall filed his action after the applicable statute of limitations and statutory tolling period had expired. *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (setting forth California's statute of limitations for personal injury claims and the additional tolling for prisoners); *Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012) (§ 1983 actions are governed by the forum state's statute of limitations, but federal law determines when a § 1983 claim accrues; under federal law, accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Contrary to Hall's contentions, neither equitable tolling nor equitable estoppel applies because Hall should have reasonably been aware of the existence of his claims within the limitations period and defendants did not wrongfully prevent Hall from asserting his claims. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) (discussing requirements for equitable tolling and equitable estoppel).

The district court properly denied Hall's motion to amend because the deficiencies in his complaint could not be cured by amendment. *See Lucas v.*

*Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal of a pro se complaint without leave to amend is proper if the deficiencies in the complaint cannot be cured by amendment).

The district court did not abuse its discretion by staying discovery pending the resolution of defendants' motion to dismiss because Hall did not show that he suffered any prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing trial court's broad discretion in discovery matters which "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

**AFFIRMED.**